UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHRISTINA MUREN, )  )  Plaintiff, )  )  vs. )  )  STEVEN A. SMITH, et al., )  )  Defendants. ) | 1:06-cv-1067-WTL-LJM |

### ENTRY ON MOTION FOR PARTIAL SUMMARY JUDGMENT

This cause is before the Court on the motion for partial summary judgment filed by Defendant Executive Limousines Indianapolis, LLC d/b/a Corporate Connection Limousine ("Corporate Connection"). The motion is fully briefed and the Court, being duly advised, **GRANTS** the motion for the reasons set forth below.

This case arises out of a single-vehicle accident involving a limousine driven by Defendant Steven A. Smith, who was employed as a driver by Corporate Connection. Plaintiff Christina Muren was a passenger in the limousine and was injured in the accident.

In her Second Amended Complaint, Muren alleges that Smith was negligent and that his negligence caused the accident in which she was injured. Muren further alleges that Corporate Connection is liable for Smith's negligence pursuant to the doctrine of respondeat superior and/or because it negligently entrusted Smith with its vehicle. Finally, Muren seeks punitive damages against Corporate Connection, alleging that it

"wilfully and wantonly entrusted [Smith] with their vehicle when they knew and should have known that [Smith] was not capable of safely operating the said [sic.] vehicle" and that it "was wilful and wanton in its hiring, training and supervision" of Smith. Second Amended Complaint ¶¶ 16-17.

In the instant motion, Corporate Connection argues that it is entitled to summary judgment on Count III (negligent entrustment) and Count IV (punitive damages) of Muren's second amended complaint. With regard to Count III, Corporate Connection correctly argues that the negligent entrustment claim is redundant because it concedes that Smith was acting within the scope of his employment at the time of the accident and, therefore, if Smith's negligence caused the accident, Corporate Connection is liable under the theory of respondeat superior. Accordingly, summary judgment is **granted** in favor of Corporate Connection on Count III of Muren's second amended complaint.

Corporate Connection also argues that none of Muren's allegations against it are sufficient to support an award of punitive damages. The Court agrees. Under Indiana law, as acknowledged by Muren, punitive damages are appropriately awarded to punish "conscious and intentional misconduct which, under the existing conditions, the actor knows will probably result in injury." *Westray v. Wright*, 834 N.E.2d 173, 179-80 (Ind. App. 2005) (citation omitted).

> In other words, the defendant must have subjected other persons to probable injury, with an awareness of such impending danger and with heedless indifference of the consequences. The tortious conduct must be marked by malice, fraud, gross negligence, or oppressiveness not resulting from a mistake of law or fact, honest error of judgment, overzealousness, mere negligence or other noniniquitous human failing.

*Id.* (internal quotation marks and citations omitted).

In this case, Muren has asserted the following acts and omissions by Corporate Connection:[1] "allowing the limousines to be operated by driver's [sic.] without proper licensing, failing to even look into Smith's driving history to see if he had previous accidents, failing to ensure the vehicles were inspected prior to each trip for passenger safety, failing to properly register the Excursion with the bureau of motor vehicles, and knowingly allowing the limousines to be over crowded." Muren's Brief at 11. As a matter of law, none of these acts or omissions rises beyond simple negligence, which is insufficient to support an award of punitive damages.[2] Accordingly, Corporate Connection is entitled to summary judgment on Count IV of Muren's second amended complaint as well.

---

[1] By reciting these assertions, the Court does not mean to suggest that Muren has satisfied her burden under Federal Rule of Civil Procedure 56(e) to "set forth such facts as would be admissible in evidence" on these issues. Rather, because it makes no difference to the ultimate result, the Court has simply assumed for the purposes of this motion that Muren will be able to prove each of her assertions at trial and that Muren also will have sufficient evidence to satisfy her burden of proof on the issue of proximate cause.

[2] To the extent that Muren, citing *Stropes v. Heritage House Childrens Center of Shelbyville, Inc.*, 547 N.E.2d 244 (Ind. 1989), suggests that the negligence of a common carrier is sufficient to support a punitive damages award because "a common carrier owes an extraordinary standard of care to protect its passengers," Muren's Brief at 7, that suggestion is without merit. The "extraordinary standard of care" discussed in *Stropes* is "imposed by the common carrier exception," which provides that a common carrier "can be held responsible for any violation by its employee of the carrier's non-delegable duty to protect the passenger, regardless of whether the act is within the scope of employment." *Id.* at 253. In other words, a common carrier may be held liable for acts of its employees that would not trigger liability under the doctrine of respondeat superior if the employer were not a common carrier. The "common carrier exception" is irrelevant in this case, where Corporate Connection concedes that Smith was acting within the scope of his employment.

SO ORDERED: 10/11/2007

*William T. Lawrence*
Hon. William T. Lawrence, Magistrate Judge
United States District Court
Southern District of Indiana

Copies to:

Angela S. Cash
SCOPELITIS GARVIN LIGHT & HANSON
acash@scopelitis.com

Michael Eugene Polen Jr.
RUBINO RUMAN CROSMER CERVEN SMITH & SERSIC
mpolen@rubinoruman.com

Carla K. Pyle
RUBINO RUMAN CROSMER CERVEN SMITH & SERSIC
csmith@rubinoruman.com

Terrence M. Rubino
RUBINO RUMAN CROSMER CERVEN SMITH & SERSIC
trubino@rubinoruman.com

Kevin C. Smith
RUBINO RUMAN ET AL.
ksmith@rubinoruman.com